UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MANNINGTON MILLS, INC.,<br><br>       Plaintiff,<br> v.<br>POWER DEKOR GROUP CO. LTD.,<br><br>       Defendant. | Case No. 2:13-cv-00133-MMD-CWH<br><br>ORDER<br><br>(Def's Motion to Dismiss – dkt. no. 41) |

Before the Court is Defendant Power Dekor Group Co. Ltd.'s ("Power Dekor") Motion to Dismiss ("Motion") (dkt. no. 41). For the reasons set out below, the Motion is denied.

The following allegations are taken from the Complaint. (Dkt. no. 1.) Plaintiff Mannington Mills, Inc. ("Mannington") is a New Jersey corporation engaged in the business of manufacturing and distributing flooring products, including laminate flooring. It develops, manufactures, distributes, and sells flooring and floor covering products for residential and commercial applications, including "many varieties of natural wood flooring, laminate flooring, and luxury vinyl flooring." (*Id.* ¶ 6.)

Mannington's products include laminate flooring fixtures with two-dimensional graphic designs applied to them, which the Complaint describes as "artistic works that are inspired by and intended to emulate the looks of natural wood floors." (*Id.* ¶ 7.) Mannington maintains a copyright over one such original work, entitled "Glazed Maple Design," which it has registered with the United States Copyright Office and which it distributes under the name "Time Crafted Maple" since 2008. (*Id.* ¶¶ 8-9.)

Mannington alleges that Power Dekor, a Chinese manufacturer and exporter of laminate flooring products, is distributing and selling laminate flooring products with designs "virtually identical in every respect" to Plaintiff's Glazed Maple Design. (*Id.* ¶¶ 3, 10.) Power Dekor sells this infringing flooring to Home Legend, LLC ("Home Legend"), a California company and Power Dekor subsidiary, and indemnifies Home Legend for damages resulting from copyright infringement claims. (*Id.* ¶ 11.)

On October 8, 2012, Home Legend filed a declaratory relief action in United States District Court for the Northern District of Georgia against Mannington seeking a declaratory judgment from the court that it is not infringing on Mannington's Glazed Maple Design copyright. (Dkt. no. 9-3); *Home Legend, LLC v. Mannington Mills, Inc.*, 4:12-cv-00237-HLM (N.D. Ga. filed Oct. 8, 2012) ("Georgia Action"). On January 24, 2013, approximately two months after moving for a preliminary injunction in the Georgia Action, Mannington brought this suit against Power Dekor alleging copyright infringement arising out of the same Glazed Maple Design copyright.

On March 11, 2013, Power Dekor filed a Motion to Dismiss. (Dkt. no. 9.) In that motion, Power Dekor raised four bases for dismissal: (1) improper venue; (2) lack of personal jurisdiction; (3) improper service; and (4) principles of comity relating to the Georgia Action.

This Court held a hearing on Power Dekor's motion to dismiss and ordered that this action be transferred to the Northern District of Georgia to be consolidated with the Georgia Action. (Dkt. no. 31.) This Court reasoned that this action should be transferred because both actions involve the same claim of copyright infringement as well as similar litigants, and maintaining parallel proceedings would waste judicial resources and could result in inconsistent judgments. (Dkt. no. 34 at 13-14.) This Court further ordered that this action be transferred back to the District of Nevada in the event the Georgia court decides that it lacks jurisdiction over Power Dekor. (*Id.*)

On July 2, 2014, the court in the Georgia Action determined that it did not have personal jurisdiction over Power Dekor, rejecting Mannington's argument that Home

Legend is an alter ego of Power Dekor. (Dkt. no. 41-1.) The Georgia court thus severed Mannington's claims against Power Dekor and transferred them back to this Court. (*Id.*)

Power Dekor filed the instant Motion on August 7, 2014. (Dkt. no. 41.) The Motion asks the Court to dismiss this action for lack of personal jurisdiction over Power Dekor pursuant to Fed. R. Civ. P. 12(b)(2). Mannington filed an opposition, which asks for the Motion to be denied or for more time to conduct jurisdictional discovery. (Dkt. no. 48.) Power Dekor filed a reply. (Dkt. no. 55.)

As both parties point out, however, the court in the Georgia Action entered an order granting Home Legend's motion for summary judgment as to Mannington's copyright infringement claim on July 3, 2014. (Dkt. no. 41 at 8 n.2; dkt. no. 48 at 2, 11; dkt. no. 48-9, Ex. 8 at 2.) Mannington represents that they appealed the Georgia court's order to the Eleventh Circuit. (Dkt. no. 48 at 11.) This Court has already determined that this action and the Georgia Action both involve the same claim of copyright infringement (dkt. no. 31; dkt. no. 34 at 13-14), and Mannington agrees, stating that if the Georgia court's "ruling in favor of Home Legend is upheld, then the issues in this case will be mooted" (dkt. no. 48 at 11.) Power Deker also argues that lack of a valid copyright forecloses Mannington from pursuing this action. (Dkt. no. 41 at 8 n.2.) Mannington asks this Court to stay this action pending a decision from the Eleventh Circuit. (Dkt. no. 48 at 11.)

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254–255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative

litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Neither party has filed a motion for a stay. Nevertheless, given that the validity of Mannington's copyright infringement claim has already been decided by another federal district court, the Court determines that judicial resources would be saved by administratively closing this action and allowing the parties to file a motion to re-open after the Eleventh Circuit's decision. If the case is re-opened, the Court can then address the personal jurisdiction issue. This process will be easier for the parties as they will be able to avoid unnecessary potential discovery on the personal jurisdiction issue. Further, there is no potential prejudice to the non-moving party because Mannington has conceded that an affirmance from the Eleventh Circuit would moot this action.

It is therefore ordered that Moving Defendants' Motion to Dismiss (dkt. no. 41) is denied without prejudice.

The Clerk is ordered to administratively close this case. Plaintiff is ordered to file a motion to re-open this case, if Plaintiff so chooses, following a decision by the Eleventh Circuit as to the Georgia court's order granting Home Legend's motion for summary judgment as to Plaintiff's copyright infringement claim.

DATED THIS 24th day of March 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE